ever to vacate an injunction issuing out of the supreme conrt; and it is also clear that an order entered in one action pending in the circuit court of Westchester county, and made in such court, could not affect an injunction made in another action pending in the supreme court, First judicial district. It is hardly necessary to cite the authorities going to show that, where an injunction is granted, no judge except the judge granting the injunction can vacate or modify it *ex parte*, and that no motion can be made outside of the county of New York for the vacation of an injunction granted in an action pending in the supreme court in the First judicial district. It is clear that the judge holding the circuit court of Westchester county was absolutely without jurisdiction, and that his order was absolutely void, and that when the attorney went on and violated the injunction he did so at his peril, and was liable to be punished, and should be punished. The attorney in that case is like the man who starts a revolution against the government of which he is a subject. If he succeeds, he is a patriot; if he fails, he is a traitor. In this case the attorney could only escape punishment by showing that the injunction was absolutely void. Having failed in establishing this proposition, he must suffer the punishment for his temerity. The order should be affirmed, with the costs and disbursements. All concur.

---

HAUSELT *v.* BONNER *et al.*

*(Supreme Court, General Term, First Department.* July 9, 1889.)

COSTS—AFTER APPEAL.

A judgment of the special term provided that a complaint of plaintiff be dismissed on the merits, and that the five defendants recover $384.95 costs of plaintiff. On appeal the judgment was affirmed as to one defendant, with costs of suit, reversed as to three defendants, and as to one neither reversed nor affirmed. *Held,* that the two defendants could recover their costs as awarded by the court below.

Appeal from special term.

Appeal from order denying motion to set aside execution. The following is the opinion below:

"INGRAHAM, J. The judgment asked for in this action was that plaintiff have judgment against the defendants for the payment of plaintiff's demand out of the real estate acquired by them, as described in the complaint, according to the several proportions received by them, and that they be severally and personally charged with the amount of any such real estate aliened by them. The judgment of the special term provided that the complaint of the plaintiff be dismissed upon the merits, and that the defendants Stevenson, Elizabeth Patterson, William Patterson, Catherine Bonner, and David Bonner recover of the plaintiff the sum of $384.95, the amount of the said costs, and that they have execution therefor. On appeal to the general term the judgment dismissing the complaint was affirmed as to David Bonner, with costs of appeal. thus adjudging that plaintiff had no cause of action against him, and reversed as to the defendants Stevenson, Elizabeth Patterson, and Catherine Bonner, and a new trial ordered. The judgment in favor of William Patterson does not appear to have been either affirmed or reversed on the appeal. The case therefore stands in this position: that by the judgment five defendants are held to be entitled to recover $384.95 costs, and the judgment as to three of such defendants is reversed. They are not entitled to recover from the plaintiff. But as to the other defendants the judgment as directed by the special term stands. As to these two defendants the dismissal of the complaint is absolute, and would be a bar to another action brought by plaintiff for the same cause of action, and I can see no reason why the judgment that such defendants recover their costs does not stand in the position unaffected by the appeal, and entitle such defendants to recover their costs as taxed. The general term had the question of the costs before them, and, if it had not been

their intention to have allowed these defendants to recover the costs awarded below, the order of the general term would have directed the judgment for costs in favor of these two defendants to be reversed. This motion is not made to set aside or modify the judgment, and it is idle to speculate as to what costs the special term would have awarded these defendants if the dismissal had been as to these defendants alone. Until that judgment is modified by striking out the provision awarding judgment in favor of the defendants David Bonner and William Patterson for their costs, I can see no reason why they are not entitled to collect the judgment by the appropriate process. I think, therefore, the execution was regular, and the motion to set it aside should be denied. If plaintiff desires to review this determination by an appeal to the general term I will stay all proceedings on the execution until such an appeal can be determined. Order to be settled on notice."

Argued before VAN BRUNT, P. J., and BRADY and BARRETT, JJ.

*Lewis Sanders,* for appellant. *Preston Stevenson,* for respondent Bonner.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice INGRAHAM, in the court below.

---

### DEGENER *v.* STILES *et al.*

(*Supreme Court, General Term, First Department.* July 9, 1889.)

MORTGAGES—FORECLOSURE—RECEIVER.

Where a mortgage security is ample, equity will not appoint a receiver, and take the possession of the property from the mortgagor before a decree and sale, though the mortgage may provide for a receiver on default of the mortgagor.

Appeal from special term, New York county.

Henry Degener sued Mary A. Stiles and others to foreclose a mortgage, one of the conditions of which was that on default the mortgagee, without consideration as to the value of the property, should be entitled to a receiver. From an order refusing to appoint, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY, J.

*A. Stickney,* for appellant. *R. B. Alling,* for Mary Stiles.

PER CURIAM. The claim made by the appellant upon this appeal seems to be that a court of equity is bound to decree specific performance of every contract which may be entered into between parties, no matter whether it appears from the facts of the particular case that it is inequitable and unconscionable so to do or not. The court of equity was organized to relieve the hardships of the law, and was not intended to enforce or aggravate such hardships. This has always been the cardinal principle governing the administration of justice in courts of equity, and it has been repeatedly held that a court of equity will not lend its hand to aid in the performance of an inequitable act. Therefore in the case at bar, as it seems that the security is ample, no claim being made but that the mortgage is amply secured, it would be wholly inequitable to take the possession of the property from the mortgagor until it should be done by a decree and sale for the purpose of satisfying the amount due on the mortgage. It being inequitable, a court of equity cannot lend its aid to the enforcement of the agreement for a receiver, notwithstanding the parties may have made such a contract. The order should be affirmed, with $10 costs and disbursements.

---

### HILL *v.* HABERKORN.

(*Supreme Court, General Term, First Department.* July 9, 1889.)

1. CONTRACTS—EQUITABLE REMEDY—EVIDENCE.

Defendant, an actress, having no business experience, made a written contract with plaintiff to act under his management for a term of six years, the net profits